UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ROY IRWIN ABBOTT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v.  ) | Civil No. 05-89-B-W |
| ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant ) | |

## *RECOMMENDED  DECISION*

Roy Irwin Abbott has filed a one page pleading against the Social Security Administration:

    1.    Federal Rules of Civil Procedure
    2.    In the your of our Lord 1952, I was told that I had to have a social security card and a number or I could not work.  This in itself is a contract to give me benefits when I retired.  The Social Security will not give me promised moneys.  Therefore they failed to live up to the[ir] contract.

Abbott has not paid a filing fee or submitted a motion to proceed in forma pauperis. Even if Abbott had filed a motion to proceed in forma pauperis he could not so proceed because he has had three prior pro se civil actions in the court dismissed as frivolous, see Civ. Nos. 93-63-P-C, 93-218-B-B, 93-272-B-B.  See 28 U.S.C. § 1915(g).  Because I conclude that this action is frivolous I recommend that the Court dismiss it forthwith. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) ("We conclude that the District Court properly determined that it possessed the power to dismiss the instant action sua sponte, notwithstanding the fact that [the plaintiff]

had paid the $150 filing fee rather than requesting permission to proceed <u>in forma pauperis</u>.  If [the plaintiff] had sought to proceed <u>in forma pauperis</u>, dismissal would have been mandatory under 28 U.S.C. § 1915(e)(2).  We previously have found--in a case where the unrepresented appellant paid the normal filing fee--that, even in the absence of the statutory authority provided by § 1915 with respect to parties proceeding <u>in forma pauperis</u>, the Court of Appeals would have inherent authority to dismiss a frivolous appeal); <u>see</u> <u>also</u> <u>Apple v. Glenn</u>, 183 F.3d 477, 478 -80 (6th Cir. 1999); <u>Crowley Cutlery Co. v. United States</u>, 849 F.2d 273, 277 -78 (7th Cir. 1988).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated June 24, 2005.